STATE v. J. E. CLIFTON.

(Filed 6 April, 1910.)

1. **Cities and Towns—Ordinances—Police Powers—Killing of Dogs— "Willfully"—Words and Phrases.**

    A police officer of a town, acting within his duties imposed by an ordinance, in killing a dog running at large within the town limits without a muzzle, when not on the owner's premises, cannot be convicted, under the statute, of "unlawfully, willfully" etc., and wantonly," etc., killing a certain useful animal, etc., the word willful meaning not only designedly, but with a bad purpose.

2. **Cities and Towns—Police Powers—Ordinances—Validity—Killing Dogs.**

    An ordinance of a city authorizing its police officers to kill, under certain circumstances, dogs running at large without being muzzled within the town limits, upon which city the charter confers police powers, is a valid one.

APPEAL from *Lyon, J.,* at November Term, 1909, of ROBESON. The indictment charged that defendant did "unlawfully,

willfully and wantonly ill-use, torment, wound, injure, poison and needlessly kill" a certain useful animal, to wit, "one hound dog, the property of E. E. McNair." From the judgment imposed defendant appeals.

*Attorney-General Bickett, George L. Jones,* and *McIntyre, Lawrence & Proctor* for the State.
*McLean & McLean* for defendant.

BROWN, J.  The defendant offered no evidence, but rested his case upon the proof offered by the State.

The evidence tended to prove that the dog was running at large off his owner's premises within the town of Lumber Bridge in Robeson County, unmuzzled, and was killed by defendant by the administration of poison.   There is also evidence that the defendant was the town constable, charged with enforcement of the municipal ordinances which prohibited the running at large within the town of dogs without muzzles.   The ordinance provided further that any dog found running at large after 24 April, 1909, without a muzzle might be killed by any resident of the town, and that the dog in question was killed by the defendant, the constable of the town, after that date.   The ordinance also imposed a fine upon the owner of the dog.

The defendant in apt time by proper prayers for instruction requested the court to charge the jury that if there was such an ordinance in force, and he killed the dog in obedience to it, he was not guilty.

We think the defendant was clearly entitled to this instruction.

It is needless to consider whether a private citizen could justify under the ordinance, or whether the ordinance is too broad in providing such a general method of enforcement, for the defendant was a police officer whose duty it was to execute the lawful and valid ordinances of the town.

The town of Lumber Bridge is invested with the police powers of the State conferred by the general law upon all the cities and incorporated towns of the State.   Such powers are usually exercised to further and protect the comfort and safety of citizens generally.

The keeping of animals of all kinds is classified as one of "the main subjects of police regulation."   Horr and Bemis Municipal Ord., sec. 212.

A very general police regulation found in the ordinances of municipalities in this country is one "to require dogs to be muzzled and to authorize the police officers to kill those to be found

at large and unmuzzled." Horr and Bemis, subdiv. 3, sec. 213, and cases cited in note to p. 200. In addition, the following cases are authority for the text: *City of Faribault v. Wilson,* 34 Wis., 255; *Blair v. Forehand,* 100 Mass., 136; *Morey v. Brown,* 42 N. H., 373; *Mitchell v. Williams,* 27 Ind., 62.

The word willful as used within the meaning of the statute implies something more than a mere voluntary purpose. When used in criminal statutes the word willful means not only designedly, but also with a "bad purpose." 8 Words and Phrases, p. 7469, citing *Potter v. United States,* Sup. Court U. S., 39 Law Ed., 214; *Commonwealth v. Kneeland,* 37 Mass., 206, and other cases.

A police officer who in good faith kills a dog under color of the authority of a municipal ordinance cannot be said to do so willfully, within the meaning of the statute upon which this indictment is founded. We think the rulings of the judge deprived defendant of the benefit of a valid defense.

New trial.