STATE v. RUDOLPH ARNOLD.

(Filed 28 April, 1965.)

**1. Criminal Law § 2—**

"Intent" and "wilfulness" are mental attitudes which are seldom capable of direct proof but must ordinarily be established by circumstances from which they may be inferred.

**2. Same—**

"Wilful" as used in criminal statutes means the wrongful doing of an act without justification or excuse.

**3. Arson § 4; Criminal Law § 101—**

In a prosecution under G.S. 14-67, evidence tending to show that defendant set fire under the sill of the house in question, together with evidence of motive, *held* to make out a *prima facie* case sufficient to take the issue to the jury, notwithstanding defendant's testimony that he was too intoxicated at the time to form the necessary criminal intent, there being testimony of the State that immediately after the act defendant, though intoxicated, was able to walk, although he staggered, and was able to speak sufficiently distinctly to be understood.

**4. Criminal Law § 32—**

Drunkenness is an affirmative defense upon which defendant has the burden of proof, and a person who drinks after forming the purpose to commit a crime is not excused by voluntary drunkenness.

APPEAL by defendant from *Fountain, J.,* January 1965 Session of WASHINGTON.

Criminal action in which defendant is charged with an attempt to burn a dwelling house, G.S. 14-67.

Plea: Not guilty. Verdict: Guilty. Judgment: Imprisonment for a term of not less than 3 nor more than 5 years.

*Attorney General Bruton and Assistant Attorney General Sanders for the State.*

*W. L. Whitley for defendant.*

PER CURIAM. The State's evidence tends to show these facts: On Friday night, 11 December 1964, defendant went to the home of his father-in-law, Isaiah Clark, where his estranged wife and five of his children resided. He and his wife were on the front porch talking until after midnight. His wife went in the house and left him on the porch. About 30 minutes later, at 1:15 A.M., the occupants of the house discovered smoke in the hallway. Isaiah Clark ran outside and found fire burning on a sill under the house. Defendant ran by the corner of the house and Isaiah struck him and "knocked him out" temporarily. De-

fendant soon got up and left. A burning magazine was removed from the sill and the fire was extinguished; the sill was charred. An officer, who was promptly called, made an investigation and then returned to his home where he found defendant standing on the porch. The officer asked defendant what he was "trying to set the house afire for." Defendant laughed and said he "was just trying to scare his wife." Defendant had two magazines in his pocket, also a bottle containing an alcoholic beverage (defendant said it was vodka). Defendant had taken several drinks from the bottle while at Isaiah Clark's house. Defendant was drunk, but not "down drunk." He staggered some, but could walk. The officer "had no trouble to understand what he was saying."

Defendant testified that when his wife went in the house he remained on the porch for awhile and continued to drink, and became so intoxicated that he did not remember anything until the following morning when he awoke in jail. He denied setting the fire and stated he had no reason to frighten his wife.

Defendant contends that his motion for nonsuit should have been allowed for that there is no evidence he "wilfully" attempted to burn the house and he was so intoxicated he could not form the criminal intent essential to the commission of the offense charged.

"Intent" and "wilfulness" are mental emotions and attitudes and are seldom capable of direct proof; they must ordinarily be proven by circumstances from which they may be inferred, and in determining the presence or absence of these elements the jury may consider the acts and conduct of defendant and the general circumstances existing at the time of the alleged commission of the offense charged. "Wilful" as used in criminal statutes means the wrongful doing of an act without justification or excuse, or the commission of an act purposely and deliberately in violation of law. 1 Strong: N.C. Index, Criminal Law, § 2, p. 680. The evidence in the instant case, when considered in the light most favorable to the State, will permit but not compel the jury to find that defendant committed the offense charged intentionally and wilfully. Drunkenness is an affirmative defense and when interposed by the accused the burden is on him to satisfy the jury that at the time of the commission of a crime he was so intoxicated he did not know what he was doing or attempting to do, and was incapable of forming a criminal intent. One who drinks intoxicants for the purpose of giving him courage to commit a crime is not excused by such voluntary drunkenness for a crime committed while thus intoxicated. *State v. Hairston,* 222 N.C. 455, 23 S.E. 2d 885.

The evidence makes out a *prima facie* case against defendant. The case was submitted to the jury on a charge free of prejudicial error.

No error.