STATE OF NORTH CAROLINA v. GARY DAN MAXWELL

No. 8018SC233

(Filed 15 July 1980)

1. **Criminal Law § 86.4— prior crimes of defendant – admissibility for impeachment**

    The trial court properly allowed defendant to be questioned about unrelated crimes for the purpose of impeachment.

2. **Rape and Allied Offenses § 19– taking indecent liberties with child – constitutionality of statute**

    G.S. 14-202.1 making it a crime to take indecent liberties with a female under the age of 16, the offender being over 16 years old and more than five years older than the female child, is not unconstitutionally vague.

3. **Rape and Allied Offenses § 19– taking indecent liberties with child – willfulness – failure to instruct – harmless error**

    In a prosecution of defendant for taking indecent liberties with a female under the age of 16, defendant being over 16 years old and more than five years older than the female child, the jury, by finding that defendant committed the crime, necessarily found that he acted willfully and accordingly the court's failure to charge on willfulness was harmless beyond a reasonable doubt.

APPEAL by defendant from *Seay, Judge*. Judgment entered 1 November 1979 in Superior Court, GUILFORD County. Heard in the Court of Appeals 13 June 1980.

Defendant was indicted for taking indecent liberties with a female under the age of 16, he being over 16 years old and more than five years older than the female child (G.S. 14-202.1(a)(1)). He was convicted and sentenced to 5-7 years. Defendant appeals.

*Attorney General Edmisten, by Assistant Attorney General James E. Magner, Jr., for the State.*

*Jack Floyd and Stephen W. Earp for defendant appellant.*

ARNOLD, Judge.

[1] Defendant contends that the trial court erred in allowing the State to question him about unrelated crimes. Defendant argues that this court should follow what is now probably the majority rule in this country, embodied in Rule 608(b) of the Federal Rules of Evidence. This rule gives the court discretion to permit cross-examination concerning instances of unrelated conduct, but only if such instances of conduct are probative of the witness's truthfulness or untruthfulness. While there may be merit in defendant's argument, we do not feel that this court has the prerogative to adopt or follow such a rule.

The questions defendant challenges relate to two separate occurrences. First defendant was asked, "[I]f in the summer of 1973 you weren't in a motel room in Greenville, South Carolina, with a fourteen year old girl?" Defendant denied that he had been. Then he was asked "[w]hether or not on [6 September 1979 at 1413 Grove Street in Greensboro] you struck Alton Ray McQueen about the head and face and removed $550.00 in good and lawful money from him?" Defendant denied this also.

The latter question is clearly correct as impeachment, relating as it does to a specific act of misconduct on defendant's part. See 4 Strong's N.C. Index 3d, Criminal Law §§ 86.1 and 86.5. In light of our Supreme Court's decision in *State v. Purcell*, 296 N.C. 728, 252 S.E. 2d 772 (1979), we have some doubt as to whether the former question was sufficiently specific. (In *Purcell*, the court held improper the questioning of the defendant as to whether he had "ever killed anybody.") Even if this question was improper, however, we do not find it to have been a prejudicial error. In view of the evidence of defendant's guilt we do not believe that this one question about an unrelated event could have influenced the jury's verdict, and we find no prejudicial error.

[2] Defendant attacks the statute under which he was charged as unconstitutionally vague, and therefore void. We have previously found that G.S. 14-202.1 is not void for vagueness, *State v. Vehaun*, 34 N.C. App. 700, 239 S.E. 2d 705 (1977), *cert. denied* 294 N.C. 445, 241 S.E. 2d 846 (1978), and that decision is the correct one. Defendant argues that our opinion in *Vehaun* did not address the standard set out in *Grayned v. City of Rockford*, 408 U.S. 104, 92 S.Ct. 2294, 33 L.Ed. 2d 222 (1972), and *Smith v. Goguen*, 415 U.S. 566, 94 S.Ct. 1242, 39 L.Ed. 2d 605 (1974), that to avoid being unconstitutionally vague a statute must provide standards to guide those who enforce the law. We do not find, however, that G.S. 14-202.1(a)(1) is unconstitutional on this basis, and we note that this statute is much more specific than the ordinance which was held unconstitutional in *Goguen*. Defendant's argument as to unconstitutionality is without merit.

We find no merit in defendant's fourth argument, which is addressed to the trial court's restriction of his questioning of potential jurors. Regulation of the inquiry on voir dire rests in the court's discretion, and in order to show reversible error in the exercise of that discretion defendant must show both prejudice and a clear abuse of discretion. *State v. Young*, 287 N.C. 377, 214 S.E. 2d 763 (1975), *death penalty vacated*, 428 U.S. 903, 49 L.Ed. 2d 1208, 96 S. Ct. 3207 (1976). Neither of these appears in this case.

[3] Finally, defendant argues that the trial court erred in failing to charge the jury that they must find as an essential element of the crime that defendant *willfully* took indecent liberties with the child. Defendant is correct that G.S. 14-202.1(a)(1) requires that the taking of indecent liberties be willful, and the court should have charged on willfulness as an element. (North Carolina Pattern Jury Instruction — Criminal 226.85, upon which the court appears to have relied, inadvertently omits this element.) However, in this case all the evidence shows that if defendant took indecent liberties with the child he did so willfully, that is, purposely and without justification or excuse. *See State v. Arnold*, 264 N.C. 348, 141 S.E. 2d 473 (1965). In fact, we cannot imagine a situation in which the taking of indecent liberties for the purpose of arousing or gratifying sexual desire could be other than willful, and we fail to

Builders, Inc. v. City of Winston-Salem

see what the element of willfulness adds to this statutory crime. This is a very different situation from that of abandonment and nonsupport addressed in *State v. Yelverton*, 196 N.C. 64, 144 S.E. 534 (1928), upon which defendant relies. We hold that in this case the jury by finding that defendant committed the crime necessarily found that he acted willfully, and accordingly the omission in the charge was harmless beyond a reasonable doubt.

No error.

Judges ERWIN and HILL concur.