STATE OF NORTH CAROLINA v. DON C. ROSE

No. 8010SC1014

(Filed 1 September 1981)

1. **Criminal Law § 91— interstate agreement on detainers inapplicable—trial within 120 days not required**

    Where the record contained no evidence establishing compliance by the State of Oregon with the requirements of G.S. 15A-761, Art. IV(b), there was no showing that the trial court erred in concluding that defendant's return to N.C. was not procured pursuant to the Interstate Agreement on Detainers and that the provision of that act requiring trial within 120 days of defendant's return to N.C. was thus inapplicable.

2. **Escape § 9— willfullness—instruction not required**

    In a prosecution of defendant for felonious escape, the trial court was not required to instruct the jury pursuant to G.S. 148-4 that one of the essential elements of felonious escape is that the failure to remain in or return to confinement must be willful, since defendant was not charged with escape while outside the place of his confinement pursuant to authorization by the Secretary of Correction under G.S. 148-4, but was charged under G.S. 148-45,

which establishes the general escape offense, and that statute does not contain the word willful.

APPEAL by defendant from *Herring, Judge.* Judgment entered 29 May 1980 in Superior Court, WAKE County. Heard in the Court of Appeals 4 March 1981.

The record, including findings of the trial court to which no exception has been taken, indicates that defendant was an inmate in the North Carolina correctional system, serving a sentence for murder and other charges, when he allegedly escaped on or about 11 August 1977. He thereafter was incarcerated in the State of Oregon upon conviction of the crime of burglary in the second degree. On or about 1 March 1978 defendant was "paroled" to this State by the State of Oregon. On 10 March 1980 defendant was indicted for felonious escape, third offense, as a result of the alleged escape of 11 August 1977.

The jury found defendant guilty of felonious escape; and from a judgment of imprisonment, defendant appeals.

*Attorney General Edmisten, by Assistant Attorney General Sandra M. King, for the State.*

*Jerry W. Leonard for defendant appellant.*

WHICHARD, Judge.

[1] Defendant first contends that his trial was not commenced within 120 days of his arrival in North Carolina from Oregon, and that the Interstate Agreement on Detainers (G.S. 15A-761 *et seq.*) thus required dismissal of the charge. He relies on the following provision: "In respect of any proceeding made possible by this Article, trial shall be commenced within 120 days of the arrival of the prisoner in the receiving state . . . ." G.S. 15A-761, Article IV(c).

The trial court found this provision inapplicable, concluding that defendant's presence in North Carolina was not procured pursuant to the Interstate Agreement on Detainers. Upon the record before us, we are unable to find that the court erred in reaching this conclusion.

G.S. 15A-761, provides, in part:

Article IV

(a) The appropriate officer of the jurisdiction in which an untried indictment, information or complaint is pending shall be entitled to have a prisoner against whom he has lodged a detainer and who is serving a term of imprisonment in any party state made available in accordance with Article V(a) hereof upon presentation of a written request for temporary custody or availability to the appropriate authorities of the state in which the prisoner is incarcerated: Provided that the court having jurisdiction of such indictment, information or complaint shall have duly approved, recorded and transmitted the request . . . .

(b) Upon receipt of the officer's written request as provided in paragraph (a) hereof, the appropriate authorities having the prisoner in custody shall furnish the officer with a certificate stating the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decisions of the state parole agency relating to the prisoner.

While the record does not contain any "indictment, information or complaint" which was "pending" against defendant in North Carolina at the time his return to this State was procured, it does contain testimony from a Department of Correction records supervisor that the detainer forwarded to the State of Oregon was based on a warrant for escape. Thus, there is evidence from which the trial court could have found compliance with the requirements of G.S. 15A-761, Article IV(a). The record contains no evidence, however, establishing compliance by the State of Oregon with the requirements of G.S. 15A-761, Article IV(b). Absent such evidence, we have no basis for determining that the trial court erred in concluding that defendant's return to North Carolina was not procured pursuant to the Interstate Agreement on Detainers and that the 120 day trial provision of that act was thus inapplicable. *See State v. Vaughn*, 296 N.C. 167, 250 S.E. 2d 210 (1978), *cert. denied* 441 U.S. 935 (1979) [non-compliance with G.S. 15A-761, Article III(a)].

State v. Rose

[2]  Defendant's second and final contention is that the trial court erred by failing to instruct the jury that one of the essential elements of felonious escape is that the failure to remain in or return to confinement must be "willful." He cites the following provision:

> The *willful* failure of a prisoner to remain within the extended limits of his confinement, or to return within the time prescribed to the place of confinement designated by the Secretary of Correction, shall be deemed an escape from the custody of the Secretary of Correction punishable as provided in G.S. 148-45.

G.S. 148-4 (emphasis supplied). We note that G.S. 148-4 authorizes the Secretary of Correction, under prescribed conditions, to extend the limits of the place of confinement for some prisoners by permitting them to leave the place of confinement for specified reasons. The portion of G.S. 148-4 quoted above proscribes the willful failure of a prisoner to comply with the prescribed conditions or to return within the time limits of the permission to leave the place of confinement. Defendant does not appear to have been charged with escape while outside the place of his confinement pursuant to authorization by the Secretary of Correction under G.S. 148-4. The statute which establishes the general escape offense, G.S. 148-45, pursuant to which defendant appears to have been charged, does not contain the word "willful."

We further note that nothing in the record in any way indicates that defendant's escape was anything other than "willful." Under these circumstances we see no "reasonable possibility that . . . a different result would have been reached" had the trial court instructed as defendant contends it should have, and we thus find that defendant has failed to carry his burden of showing prejudice. G.S. 15A-1443.

No error.

Chief Judge MORRIS and Judge MARTIN (Robert M.) concur.