**John Otis MORRIS,
Petitioner-Appellant,**

**v.**

**Mark McGOFF, Superintendent,
Fremont Correctional Facility,
Respondent-Appellee.**

**No. 85SA331.**

Supreme Court of Colorado,
En Banc.

Dec. 2, 1986.

John Otis Morris, pro se.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Eric Perryman, Asst. Atty. Gen., Denver, for respondent-appellee.

KIRSHBAUM, Justice.

The appellant, John Otis Morris, appeals the trial court's order denying his habeas corpus petition challenging a request for his temporary removal from Colorado to Texas under the Interstate Agreement on Detainers (the Agreement), §§ 24–60–501 to –507, 10 C.R.S. (1973). We affirm.

On September 21, 1982, Morris was arrested in Arapahoe County, Colorado, under the Uniform Criminal Extradition Act, §§ 16–19–101 to –133, 8A C.R.S. (1986) (the Extradition Act), pursuant to a fugitive warrant based on a 1982 Texas indictment alleging commission of aggravated robbery. Morris challenged his detention by means of a petition for writ of habeas corpus that questioned the sufficiency of the underlying documents. At a hearing on May 12, 1983, the trial court granted the petition and ordered Morris discharged from custody on the ground that the documents proffered did not establish probable cause that Morris had committed the charged offense.

On August 20, 1983, Morris was convicted and sentenced for an unrelated offense in Colorado. In 1984, pursuant to the Agreement, Texas filed a detainer requesting temporary custody of Morris to try him under the 1982 indictment. Morris then filed the habeas corpus petition underlying this appeal. The petition raised two issues: (1) whether Texas could request temporary custody of Morris, having failed to obtain his extradition in the earlier proceeding; and (2) whether the documents supporting the 1984 detainer were sufficient.

In *Garcia v. Cooper,* 711 P.2d 1255 (Colo.1986), we held that the doctrine of *res judicata* does not bar subsequent efforts to extradite a fugitive when an initial challenge to extradition proceedings has been successful because the requisition documents were found to be inadequate or insufficient. We reasoned that a conclusion that particular documents presented to the trial court were inadequate or insufficient did not constitute an adjudication of the merits of the case.

The trial court's decision in 1983 determined that for purposes of a request for extradition under the Extradition Act the particular requisition documents presented did not establish probable cause that Morris had committed the offense charged. That decision did not adjudicate the issues raised in this proceeding commenced under the Agreement by Texas to acquire temporary custody of Morris. Therefore, Texas is not barred by the doc-

trine of *res judicata* from proceeding under the Agreement.

Article IV(a) of the Agreement provides that upon a written request for temporary custody a prisoner shall be made available in any jurisdiction in which an untried indictment, information or complaint is pending, "provided that the court having jurisdiction of such indictment, information, or complaint shall have duly approved, recorded, and transmitted the request...." § 24-60-501, 10 C.R.S. (1973). The request for temporary custody of Morris was signed by an assistant district attorney of Harris County, Texas, and included the following certification:

> I hereby certify that the person whose signature appears above is an appropriate officer within the meaning of Article IV(a) and that the facts recited in this request for temporary custody are correct and that having duly recorded said request I hereby transmit it for action in accordance with its terms and the provisions of the Agreement on Detainers.
>
> (Signature of Judge is illegible)

Morris contends that the certification is insufficient because it does not state that the documents are "duly approved" and the signature of the judge is illegible and not certified, authenticated or notarized.

■ Absent some demonstration of irregularity by the alleged fugitive, it is presumed that certified requisition documents are authentic and duly certified pursuant to article IV of the Agreement. *See Hershberger v. Black*, 645 P.2d 278 (Colo.1982) (burden of proof on petitioner to overcome presumption that person signing extradition papers had requisite authority); *see also Yellen v. Cooper*, 713 P.2d 925 (Colo. 1986) (in cases filed under the Agreement, as in extradition cases, once a *prima facie* case of identity is established, the burden shifts to the accused to demonstrate misidentification). Omission of the words "duly approved" in the certification does not constitute an irregularity, *People ex*

*rel. Vogel v. Fairman*, 112 Ill.App. 477, 68 Ill.Dec. 216, 445 N.E.2d 860 (1983), and Morris offered no evidence to suggest that this certification was not executed by a Texas judge. In these circumstances, we agree with the trial court that Morris failed to overcome the presumption that the documents were authentic.

Morris also argues on appeal that Colorado has not complied with article IV(b) of the Agreement. Article IV(b) provides that an officer having custody of an alleged fugitive shall furnish to an officer of the receiving state [1] a certificate stating certain information regarding the terms of the inmate's imprisonment, including the length of sentence imposed, the time already served, the time remaining to be served, the amount of good time earned, the time of parole eligibility, and any decisions of the state parole agency relating to the prisoner.

■ The Agreement provides no sanction in the event the sending state fails to comply with the reporting requirements of article IV(b). These requirements do not relate to the validity of any charges pending against the inmate in the receiving state, the identity of the inmate, the inmate's fugitive status, or the validity of any extradition documents. The scope of a habeas corpus petition filed in a sending state to challenge a request for temporary custody from a receiving state is limited to those issues. *Moen v. Wilson*, 189 Colo. 85, 536 P.2d 1129 (1975). Questions respecting the availability and scope of any sanction to be imposed for actual violations of article IV(b) of the Agreement, including possible dismissal, are issues for resolution by the receiving state. *See Sweaney v. District Court*, 713 P.2d 914 (Colo.1986); *People v. Higinbotham*, 712 P.2d 993 (Colo. 1986); *Dodson v. Cooper*, 705 P.2d 500 (Colo.1985), *cert. denied*, — U.S. —, 106 S.Ct. 857, 88 L.Ed.2d 896 (1986); *cf. State v. Rose*, 53 N.C.App. 608, 281 S.E.2d 404 (1981).

1. Under the terminology of the Agreement, Colorado is the "sending state" and Texas is the "receiving state." § 24-60-501, art. II.

For the foregoing reasons, the trial court's order denying habeas corpus relief is affirmed.