STATE OF NORTH CAROLINA v. GERALDINE LEWIS RAMOS

No. 535A08

(Filed 18 June 2009)

### Criminal Law— instructions—willfulness—omission

The Court of Appeals did not err by granting defendant a new trial in a prosecution for damaging a computer system at her workplace where the trial court omitted willfulness from the jury instructions.

Chief Justice PARKER concurs in the result only.

Justice NEWBY dissenting.

Justices EDMUNDS and BRADY join in this dissenting opinion.

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 193 N.C. App. ——, 668 S.E.2d 357 (2008), finding prejudicial error in a trial that resulted in a judgment entered on 14 December 2006 by Judge Narley L. Cashwell in Superior Court, Wake County, and ordering a new trial for defendant. Heard in the Supreme Court 30 March 2009.

*Roy Cooper, Attorney General, by Catherine F. Jordan, Assistant Attorney General, for the State-appellant.*

*Peter Wood for defendant-appellee.*

HUDSON, Justice.

In this case, we consider whether the trial court prejudiced defendant Geraldine Lewis Ramos when it omitted the element of willfulness from jury instructions. Defendant was convicted of damaging a computer system at her workplace in violation of N.C.G.S. § 14-455, after being fired from her position at the Latin American Resource Center ("LARC") in Raleigh. Because we conclude that the jury could reasonably have reached a different result but for this omission, we hold that the error was prejudicial, and we affirm the decision of the Court of Appeals granting defendant a new trial.

Defendant pleaded guilty to a misdemeanor violation of section 14-455 in District Court, Wake County. On 3 November 2005, she was sentenced to a term of forty-five days, suspended subject to supervised probation for twelve months. Defendant then appealed to superior court, where on 14 December 2006, a jury convicted her on the same charge. Judge Narley L. Cashwell sentenced defendant to a forty-five day term, but suspended the sentence subject to eighteen months of supervised probation.

Defendant appealed, and, in a divided opinion filed on 18 November 2008, the Court of Appeals ordered a new trial after concluding that there was a reasonable possibility that the verdict might have been different if the jury had been properly instructed. *State v. Ramos,* —— N.C. App. ——, ——, 668 S.E.2d 357, 359 (2008). The entire panel agreed that the trial court failed to instruct on the element of willfulness, that the terms "willfully" and "without authorization" in the statute are not interchangeable, and that the proper standard of review is whether the instruction error prejudiced defendant. *Id.* at ——, 668 S.E.2d at 362-63. However, the dissenter would find no prejudice because the evidence "unequivocally show[s] defendant's actions in duplicating and removing the files was willful." *Id.* at ——,

668 S.E.2d at 366 (Tyson, J., concurring in part and dissenting in part). This Court allowed the State's motion for temporary stay and its petition for writ of supersedeas.

The evidence tended to show that defendant had worked as a community outreach coordinator at LARC since May 2005, supervised by Aura Camacho-Maas. One of defendant's duties was writing grant proposals. In August 2005 Camacho-Maas informed defendant that she was being terminated after failing to timely complete two proposals. Camacho-Maas testified that defendant was enraged and crying and threatened to "destroy [Camacho-Maas] in the agency." Defendant also refused to return her office key until she was paid. After terminating defendant, Camacho-Maas escorted defendant from LARC's office and instructed the receptionist not to allow her back onto the premises. Shortly thereafter, Camacho-Maas found defendant and the receptionist removing defendant's personal items from defendant's LARC office, but said nothing. Later the same day, Camacho-Maas saw defendant and the receptionist again leaving defendant's former office, and she became concerned. When Camacho-Maas checked defendant's office computer, she discovered that certain important teacher apprenticeship program ("TAP") files were missing from LARC's server. Camacho-Maas testified that she knew the files had been on the server earlier that day before defendant's termination and that only LARC employees could access the files. Camacho-Maas called the police, who investigated and confirmed that many LARC files had been deleted or overwritten.

On 16 August 2005, defendant returned to LARC, and Camacho-Maas called police to the office. Defendant admitted that she had copied certain files onto her flash drive. At trial, defendant testified that she had told Camacho-Maas that she was going to delete various curriculum and grant proposal files and that Camacho-Maas had said she didn't care whether defendant did so or not because defendant's work was not good. Defendant denied having deleted any TAP files.

In pertinent part, section 14-455(a) states that "[i]t is unlawful to *willfully and* without authorization alter, damage, or destroy a computer, computer program, computer system, computer network, or any part thereof." N.C.G.S. § 14-455(a) (2007) (emphasis added). Defendant requested an instruction that included the term "willfully" and its legal definition, but the trial court denied the request and instructed the jury as follows:

For you to find the defendant guilty of this offense, the State must prove two things:

First, that the defendant damaged a computer system or computer network or any part thereof by deleting a file or files from the computer system or computer network.

Second, that the defendant did so without authorization. A person is without authorization when although the person has the consent or permission of owner [sic] to access a computer system or computer network the person does so in a manner which exceeds the consent or permission.

If you find from the evidence beyond a reasonable doubt that on or about August the 15th, 2005 the defendant, without authorization, damaged a computer system or computer network, it would appeal [sic] your duty to return a verdict of guilty.

"[A] trial court must instruct the jury on every essential element of an offense . . . ." *State v. Hunt*, 339 N.C. 622, 649, 457 S.E.2d 276, 292 (1995). Section 14-455 requires that the alteration or damage to a computer be done "willfully." "Willful" is defined as "the wrongful doing of an act without justification or excuse, or the commission of an act purposely and deliberately in violation of law." *State v. Arnold*, 264 N.C. 348, 349, 141 S.E.2d 473, 474 (1965) (per curiam) (citations omitted). "Willfully" means "something more than an intention to commit the offense." *State v. Stephenson*, 218 N.C. 258, 264, 10 S.E.2d 819, 823 (1940). Willfulness is an essential element which the fact-finder must determine, often by inference. *Arnold*, 264 N.C. at 349, 141 S.E.2d at 474.

As noted in both the majority opinion and the dissent at the Court of Appeals, failure to instruct on willfulness is subject to harmless error review. *Ramos*, —— N.C. App. at ——, ——, 668 S.E.2d at 362, 364; *see Arnold*, 264 N.C. at 349, 141 S.E.2d at 474; *State v. Rose*, 53 N.C. App. 608, 611, 281 S.E.2d 404, 406 (1981); *State v. Maxwell*, 47 N.C. App. 658, 660, 267 S.E.2d 582, 584, *appeal dismissed and disc. review denied*, 301 N.C. 102, 273 S.E.2d 307 (1980). In such cases, we consider whether "there is a reasonable possibility that, had the error in question not been committed, a different result would have been reached at the trial out of which the appeal arises." N.C.G.S. § 15A-1443(a) (2007). For example, in *Rose*, the Court of Appeals held that there could be no prejudice in convicting a defendant of felonious escape, an offense which includes the element of

willfulness, when *"nothing* in the record in any way indicates that defendant's escape was anything other than 'willful.'" *Rose,* 53 N.C. App. at 611, 281 S.E.2d at 406 (emphasis added).

Here, defendant testified that she believed Camacho-Maas had authorized her to delete certain computer files which she had created at work. Defendant testified that Camacho-Maas told her that she could delete these files because "the work was not good, and it was [sic] no consequence." Defendant further testified that Camacho-Maas came into defendant's office while she was deleting these very files and "didn't say anything, but [Camacho-Maas] knew what I was doing." Defendant also testified that she intentionally deleted only a few curriculum- and grant-related files that she considered personal and repeatedly stated that she did not delete any TAP files. Defendant also testified that, because the TAP files were located on LARC's server, she did not believe she could access them while Camacho-Maas had them open and did not think it was possible for her to have deleted the TAP files after her termination.

This is not a case with "nothing in the record" to support a conclusion of anything other than willfulness. *Rose,* 53 N.C. App. at 611, 281 S.E.2d at 406. Evaluating the credibility of defendant's testimony in light of the other evidence was properly for the jury and the trial court's instructional error prevented the jury from considering the willfulness of defendant's actions. Based on defendant's testimony, we conclude that there was a reasonable possibility that the jury could have found that defendant believed she had Camacho-Maas' permission to delete all of the files that she intentionally deleted and that any deletion of the TAP files was accidental, not willful. Thus, the trial court's failure to instruct on willfulness was not harmless. The Court of Appeals majority correctly granted defendant a new trial and we affirm.

AFFIRMED.

Chief Justice PARKER concurs in the result only.

Justice NEWBY dissenting.

The issue in this appeal is whether the evidence presented at trial could have supported a jury finding that there was reasonable doubt that defendant willfully deleted Teacher Apprenticeship Program ("TAP") files from her employer's computer network. Be-

STATE v. RAMOS

[363 N.C. 352 (2009)]

cause the evidence weighs overwhelmingly in favor of finding that defendant deleted the TAP files knowingly and with unlawful intent, the only reasonable conclusion is that defendant acted willfully in deleting the TAP files. I would reverse the decision of the Court of Appeals majority and respectfully dissent.

Because there was no dispute among the Court of Appeals panel that the trial court erred in failing to instruct the jury that the State was required to prove defendant deleted the TAP files willfully, this Court must determine whether the lack of such an instruction was prejudicial to defendant. "A defendant is prejudiced by errors relating to rights arising other than under the Constitution of the United States when there is a reasonable possibility that, had the error in question not been committed, a different result would have been reached at the trial out of which the appeal arises. *The burden of showing such prejudice under this subsection is upon the defendant.*" N.C.G.S. § 15A-1443(a) (2007) (emphasis added). To show prejudice in the instant case, defendant must demonstrate on appeal that the totality of the evidence presented at trial admits a reasonable possibility that, had the trial court instructed the jury on willfulness, the jury would have found defendant not guilty of damaging a computer or computer network in violation of N.C.G.S. § 14-455(a).

Section 14-455(a) provides in pertinent part: "It is unlawful to willfully and without authorization alter, damage, or destroy a computer, computer program, computer system, computer network, or any part thereof." *Id.* § 14-455(a) (2007). One definition of "willful" as it is used in criminal statutes is "the wrongful doing of an act without justification or excuse." *State v. Arnold*, 264 N.C. 348, 349, 141 S.E.2d 473, 474 (1965) (per curiam) (citation omitted). More simply stated, "the word willful means not only designedly, but also with a 'bad purpose.'" *State v. Clifton*, 152 N.C. 765, 766-67, 152 N.C. 800, 802, 67 S.E. 751, 752 (1910) (citations omitted). To show she was prejudiced by the lack of a jury instruction on willfulness, defendant must demonstrate a reasonable possibility that the jury would have found that the State failed to prove at least one of the components of willfulness beyond a reasonable doubt.

The majority seems to assert the jury could have found reasonable doubt with respect to the "bad purpose" component in defendant's testimony that she believed she was authorized to delete files from Latin American Resource Center ("LARC") computers. While it is true defendant presented evidence that she believed she had permission to delete some files from LARC's network, it is undisputed

that defendant was not authorized to delete TAP files in particular, and defendant never testified that she even *thought* she was authorized to delete TAP files. Defendant testified that, after her termination from LARC, defendant said to Aura Camacho-Maas, "[S]ince my work is no good I guess you won't mind if I take my work off computer [sic]," and that Camacho-Maas responded, "[T]his was no consequence to her, that the work was not good, and it was no consequence." This testimony shows defendant may have been authorized to remove her own work product from LARC's network, but it does not reflect any belief by defendant that she was authorized to delete the TAP files that are the basis of her conviction.

The majority also argues the jury could have found reasonable doubt regarding the "designedly" component of willfulness based on a theory that defendant's deletion of TAP files was accidental. At no point, however, did defendant explicitly testify that any deletion of TAP files was done by accident or that she did not intend to delete TAP files. Indeed, defendant testified that she did not delete the TAP files at all and that she was not even able to access those files at the time of her termination, stating:

> I deleted part of the grant which was the grant that I had written. I think that was about three, three files, but it was not the TAP file.
>
> TAP file was in the server. It was a server and, in order for, to go into the server. She had already worked in the server, so I could not to go into the TAP file.
>
> I would have go into the server. Server couldn't be but one person going into it at the time, so I don't know. [sic]

Moreover, in attempting to carry her burden on appeal of showing a reasonable possibility of a different result but for the instructional error, defendant addresses the "designedly" component of willfulness by stating simply, "Defendant may have deleted some files accidentally." Defendant fails to expound on this argument, instead supporting it with only a single reference to her trial testimony: asked whether she deleted a certain file, defendant responded, "I'm not sure whether I deleted that file or not." A contextual reading of this testimony, however, reveals that defendant was not responding to a question about the TAP files at issue here, but rather a file captioned "Organizational Information" that provided details about LARC itself. It would be unreasonable for a jury to infer from this minimal testi-

mony that defendant deleted the TAP files accidentally, especially given the opposing testimony presented by the State.

In determining whether defendant has borne her burden of showing a reasonable likelihood of acquittal had the willfulness instruction been given, our lodestar must be reasonableness *under the circumstances*. For a finding of prejudice to be made under N.C.G.S. § 15A-1443(a), the possibility of a different outcome but for the error in question must be "reasonable." N.C.G.S. § 15A-1443(a). Thus, a mere scintilla of evidence tending to support defendant's claim that she did not act willfully does not establish prejudice per se. We must consider and balance the totality of the evidence presented at trial. The majority's weighing of the evidence, however, focuses exclusively on inferences that might favor defendant and fails to address the overwhelming evidence presented by the State to prove that defendant deleted the TAP files knowingly and with unlawful intent.

The State's evidence tended to show that when defendant was terminated on 15 August 2005, she "became enraged" and "[h]er words and her body language were . . . very violent." Defendant stated she was going to "destroy [Camacho-Maas] in the agency." Defendant also refused to surrender her keys to the LARC offices before receiving her last paycheck. Camacho-Maas explained that defendant would be paid at the end of the month as usual. Defendant returned to the LARC offices the next day, and Camacho-Maas, having noticed by then that the TAP files had been deleted from LARC's server, called the police. Defendant admitted to the police that she had copied files from LARC's server onto a flash drive and removed them from the LARC computer. Detective James Neville of the Raleigh Police Department's cybercrimes unit testified that he found approximately 304 LARC files on defendant's flash drive, about 80% of which were TAP files that had been "either deleted or deleted and overwritten" on LARC's server. Neville also found a letter on defendant's flash drive stating, "When I am paid in full you may have what I downloaded." Defendant acknowledged that letter at trial and also admitted that she had told Detective B.R. Williams that "she would give Miss Camacho-Maas' files back when she got her paycheck."

In short, the evidence demonstrates beyond doubt that defendant acted knowingly and with unlawful intent. Hundreds of the files found on defendant's flash drive, constituting the vast majority of the LARC files that defendant copied, were TAP files, a fact that weighs heavily against finding that defendant accessed and deleted TAP files by accident. Defendant's attempt to use her copies of the erased TAP

files as a bargaining chip in seeking her paycheck likewise shows that defendant was well aware that she deleted those files from LARC's server. Defendant knew her copies of the TAP files had value to LARC because she knew those files were missing from LARC's server. Defendant's effort to use the TAP files to extract her paycheck also strongly demonstrates her bad purpose in copying the TAP files and then deleting them from LARC's server. Meanwhile, as discussed above, defendant presented no evidence that she thought she was authorized to delete TAP files and never testified that any deletion of TAP files was done by accident.

Considering the totality of the evidence, which weighs prohibitively against finding defendant acted accidentally or without a bad purpose in deleting the TAP files, defendant has failed to demonstrate a reasonable possibility that a properly instructed jury would have found reasonable doubt as to the willfulness element of N.C.G.S. § 14-455(a). Therefore, under N.C.G.S. § 15A-1443(a), defendant was not prejudiced by the lack of an instruction on willfulness, and her conviction should be left undisturbed. I respectfully dissent.

Justices EDMUNDS and BRADY join in this dissenting opinion.