An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA14-157

NORTH CAROLINA COURT OF APPEALS

Filed:  16 September 2014

STATE OF NORTH CAROLINA

v.

GEORGE ANTHONY GRAHAM

Sampson County

Nos. 11 CRS 53012, 52998

Appeal by defendant from judgment entered 18 September 2013 by Judge Arnold Jones, II in Sampson County Superior Court. Heard in the Court of Appeals 13 August 2014.

> *Attorney General Roy Cooper, by Special Deputy Attorney General Karen A. Blum, for the State.*

> *Appellate Defender Staples Hughes, by Assistant Appellate Defender John F. Carella, for defendant-appellant.*

CALABRIA, Judge.

George Anthony Graham ("defendant") appeals from a judgment entered upon jury verdicts finding him guilty of felonious possession of stolen goods and possession of a firearm by a convicted felon that includes his guilty plea to attaining habitual felon status.  We find no error at trial, but remand for resentencing.

I. Background

On 27 October 2011, Allen Starling ("Starling") left his residence on Pine Forest School Road in Roseboro, North Carolina ("Starling's residence") at approximately 5:45 a.m. A few hours later, one of Starling's neighbors, Marcus Parker ("Parker"), observed defendant leaving Starling's residence carrying several firearms wrapped in a white sheet. Parker notified Starling's landlords, who in turn notified both Starling and law enforcement. When Starling returned to his residence, he noticed several firearms missing from the gun case in his bedroom. The missing items included a semiautomatic SKS rifle, a Maverick 12-gauge pump action shotgun, a .44 black powder pistol, and a Marksman automatic BB pellet pistol.

After defendant left Starling's residence, he rode a bicycle to the home of Stephanie McDougald ("Ms. McDougald"), his father's girlfriend. Someone reported to the Sampson County Sheriff's Department ("SCSD") that a house had been broken into and a black male holding two firearms in each hand was going in the direction of Ms. McDougald's residence. SCSD Officer Anthony Keith Barefoot ("Officer Barefoot") arrived at Ms. McDougald's residence to investigate. Ms. McDougald informed Officer Barefoot that she and defendant were the only people at home, and consented to a search of her home.

During Officer Barefoot's search of Ms. McDougald's house and curtilage, he encountered defendant sitting on an overturned bucket outside the house. Officer Barefoot discovered a Marksman automatic BB pellet pistol, shotgun shells for a 12-gauge shotgun, and ammunition for an SKS rifle in defendant's bedroom. He also found a Maverick 12-gauge pump action shotgun and semiautomatic SKS rifle located in the "pump house" in Ms. McDougald's backyard. Starling later identified the items discovered in Officer Barefoot's search as the items stolen from his residence.

Defendant was subsequently arrested and indicted for felonious breaking and entering, felonious larceny pursuant to breaking and entering, felonious possession of stolen goods, possession of a firearm by a convicted felon, and attaining habitual felon status. At trial in Sampson County Superior Court, Parker, Starling, Officer Barefoot, and Ms. McDougald testified for the State. Parker testified that defendant was the person he observed leaving Starling's residence with the firearms. The jury returned verdicts finding defendant guilty of felonious possession of stolen goods and possession of a firearm by a convicted felon. Defendant subsequently pled guilty to attaining habitual felon status.

At sentencing, the trial court determined that defendant

had a prior record level of VI. The trial court also found as a mitigating factor that defendant had accepted responsibility for his conduct on the possession of a firearm by a convicted felon offense. The trial court then sentenced defendant in the mitigated range to a minimum term of 90 months and a maximum term of 120 months in the custody of the Division of Adult Correction. Defendant appeals.

## II. Jury Instruction

Defendant argues that the trial court erred in omitting an element of the felonious possession of stolen goods offense in the jury instructions. Specifically, defendant contends the trial court omitted the critical element that "the defendant knew or had reasonable grounds to believe that the property was stolen pursuant to a breaking or entering."

As an initial matter, the trial court listed the pattern jury instructions it intended to give, and both the State and defendant were given an opportunity to change or object to the instructions. Defendant did not request any change to the instruction on the felonious possession of stolen goods offense, and agreed to the pattern instruction. In addition, defendant did not object after the trial court instructed the jury. Although defendant claims the trial court's error in omitting the fourth element was not harmless, we disagree.

When a trial court promises to give a jury instruction and then deviates from that instruction, errors arising from the court's later changes to the promised instruction are preserved. *See State v. Allen*, 360 N.C. 297, 314, 626 S.E.2d 271, 285 (2006) (issue of trial court's deviation from promised instruction properly preserved for appellate review despite lack of an objection after the instruction was given); *see State v. Keel*, 333 N.C. 52, 56-57, 423 S.E.2d 458, 461 (1992) (issue of jury instruction preserved for review without an objection where trial court's actual instruction differed from the agreed upon pattern instruction). "[A] trial court must instruct the jury on every essential element of an offense[.]" *State v. Ramos*, 363 N.C. 352, 355, 678 S.E.2d 224, 226 (2009) (quoting *State v. Hunt*, 339 N.C. 622, 649, 457 S.E.2d 276, 292 (1995)). Therefore, defendant has preserved this issue for appeal.

Generally, a jury instruction "must be construed as a whole in the same connected way in which it was given. When thus considered, if it fairly and correctly presents the law, it will afford no ground for reversing the judgment, even if an isolated expression should be found technically inaccurate." *State v. Francis*, 341 N.C. 156, 162, 459 S.E.2d 269, 272 (1995) (citation and internal quotation marks omitted).

In the instant case, the trial court instructed the jury, in pertinent part, as follows:

> The defendant has been charged with felonious possession of stolen goods, which is possession of property which the defendant knew or had reasonable grounds to believe had been stolen pursuant to a breaking or entering. For you to find the defendant guilty of this offense, the State must prove five things beyond a reasonable doubt: First, that the SKS semiautomatic rifle, the Maverick 12-gauge pump shotgun were stolen.

> Property is stolen and taken and carried away without the owners's [sic] consent by someone who intends at the time to deprive the owner of its use permanently and knows he is not entitled to take it.

> Second, this property was stolen pursuant to a breaking or entering.

> Third, that the defendant possessed the property.

> One has possession of property when one has both the power and intent to control its disposition or use.

> And—excuse me—I said five things; but it's four things.

> And, fifth, that the defendant possessed it with a dishonest purpose. Converting it to his own use would be a dishonest purpose.

> So, ladies and gentlemen, if you find from the evidence beyond a reasonable doubt that the SKS semiautomatic rifle and the Maverick 12-gauge pump shotgun were stolen pursuant to a breaking or entering, and that

> on or about October 27, 2011 the defendant possessed this property knowing or having reasonable grounds to believe that the property was stolen pursuant to a breaking or entering; that the defendant possessed it for a dishonest purpose, then it would be your duty to return a verdict of guilty of felonious possession of stolen goods.

Defendant contends that the trial court erred by omitting the fourth element, that "the defendant knew or had reasonable grounds to believe" the property was stolen pursuant to a breaking or entering, from the enumerated elements. *See* N.C.P.I.—Criminal 216.48A. The trial court's instruction initially appears to omit the fourth element, enumerating the third and fifth elements. However, the trial court correctly included all the essential elements of the offense both in the introductory and concluding paragraphs. More importantly, the fourth element, that the jury must find that defendant had reasonable grounds to believe that the property was stolen pursuant to a breaking or entering in order to return a guilty verdict, was specifically included. When construed in its entirety, the instruction fairly and correctly presented the law, even though the trial court's isolated expression was technically inaccurate. *Francis*, 341 N.C. at 162, 459 S.E.2d at 272. Therefore, the trial court instructed the jury on every essential element of the offense. This argument is overruled.

## III. Jury Question

Defendant also argues that the trial court erred in declining to clarify the law in response to a written question from the jury during deliberations. We disagree.

During deliberations, the jury submitted written questions to the trial court, including: "Is a BB gun considered a firearm?" The trial court discussed the jury's question with counsel:

> Number 1: Is a BB gun considered a firearm? You want to be heard on that?
>
> [Defense Counsel]: We say no.
>
> THE COURT: Well I'm sure your opponent says yes. That's not my question.
>
> I'm not going to give them a "yes" or a "no." I think, you know, they need to rely on their common sense and listen to the evidence that they heard and make a – they're the triers of fact, not me.
>
> [Defense Counsel]: And, Your Honor, I think the most appropriate response would be probably be [sic] to just indicate to them that they have heard all the evidence.

The trial court subsequently instructed the jury in response to the question:

> THE COURT: The first one [question] is: Is a BB gun considered a firearm?
>
> FOREPERSON: Yes, sir.
>
> THE COURT: I'll answer that one first.

FOREPERSON: Okay.

THE COURT: Members of the jury, all the evidence has been presented. It is your duty to decide from the evidence what the facts are, and to apply the law that I gave you to those facts.

Defendant contends that this issue has been preserved for appeal because "a request for instructions constitutes an objection." *State v. Rowe*, ___ N.C. App. ___, ___, 752 S.E.2d 223, 227 (2013). Therefore, we will treat this as an objection.

When defense counsel stated "[w]e say no" in response to the court's question regarding whether she wanted to be heard regarding the jury's question, the trial court responded "[t]hat's not my question. I'm not going to give them a "yes" or a "no." I think, you know, they need to rely on their common sense and listen to the evidence that they heard and make a – they're the triers of fact, not me." Rather than disagree with the trial court, defense counsel then indicated that "the most appropriate response would be probably be [sic] to just indicate to [the jury] that they have heard all the evidence." Therefore, defendant has waived his objection. However, the plain error standard applies. *See State v. Conley*, ___ N.C. App. ___, ___, 724 S.E.2d 163, 169 (2012) ("Where trial counsel fails to object to the trial court's instructions in response to

a question from the jury seeking clarification, we review for plain error."). Under plain error review, a defendant "must convince this Court not only that there was error, but that absent the error, the jury probably would have reached a different result." *State v. Jordan*, 333 N.C. 431, 440, 426 S.E.2d 692, 697 (1993).

The State presented evidence that defendant was in possession of a semiautomatic SKS rifle and a Maverick 12-gauge pump action shotgun as well as the BB gun. Specifically, the State presented evidence that defendant was seen carrying the firearms away from Starling's residence in a white sheet, and the stolen firearms were later found in the pump house behind Ms. McDougald's residence shortly after his arrival. Ammunition for both an SKS rifle and a shotgun were found in defendant's bedroom at Ms. McDougald's residence. Although the jury specifically asked whether the BB gun was considered a firearm, there is nothing in the record indicating that the jury failed to consider all the evidence presented regarding the other firearms and only considered defendant's possession of the BB gun in rendering its verdict. Furthermore, there was no objection to the State's evidence regarding the other firearms, and the jury returned a verdict of guilty for the possession of a firearm by a convicted felon. Defendant fails to show that

the jury probably would have reached a different result had the trial court answered the jury's question differently. *See id.* This argument is overruled.

## IV. Sentencing

Defendant further argues that the trial court erred by sentencing defendant to a maximum of 120 months when the correct maximum sentence under the applicable sentencing guidelines was 117 months. We agree.

The Justice Reinvestment Act of 2011, in pertinent part, amended sentencing guidelines for Class B1 through Class E felonies. 2011 N.C. Sess. Laws 192, § 2(f). Prior to 1 December 2011, N.C. Gen. Stat. § 15A-1340.17(e) (2010) provided for a minimum sentence of 90 months in the mitigated range and a maximum sentence of 117 months. *See* N.C. Sess. Laws 192, § 2 (stating 1 December 2011 as effective date of amendment).

In the instant case, defendant's offense occurred on 27 October 2011, a date prior to 1 December 2011. Defendant contends, and the State concedes, that the trial court erred in sentencing defendant to a maximum of 120 months imprisonment. Therefore, this case should be remanded to the trial court to resentence defendant to a maximum term of 117 months.

## V. Conclusion

Although the trial court deviated from the promised jury instruction, when construed as a whole, it fairly and correctly presented the law. Since the State presented evidence regarding more than one firearm in addition to the BB gun, defendant has failed to show that the jury only considered the BB gun when rendering the verdict for possession of a firearm by a felon. While there was no error at trial, we remand the case to the trial court to correct the judgment. Defendant shall be resentenced to a maximum term of 117 months, consistent with the applicable law at the time of defendant's offenses.

No error; remand for resentencing.

Judges ELMORE and STEPHENS concur.

Report per Rule 30(e).