STATE OF NORTH CAROLINA v. YASMIN PECOLIA BREATHETTE, Defendant

No. COA09-1007

(Filed 2 March 2010)

## 1. Indecent Liberties— denial of requested instruction—mistake of age—no mens rea requirement

The trial court did not err in an indecent liberties case by refusing to instruct the jury on defendant's requested instruction that mistake of age was a valid defense. There is no specific *mens rea* requirement in N.C.G.S. § 14-202.1.

## 2. Indecent Liberties— denial of requested instruction— willfully

The trial court did not err in an indecent liberties case by refusing to instruct the jury on defendant's requested instruction regarding the meaning of "willfully" in N.C.G.S. § 14-202.1(a). The trial court's instruction to the jury was a correct statement of law and was substantially similar to the one requested by defendant.

## 3. Criminal Law— denial of argument—mistake of age— willfulness

The trial court did not err in an indecent liberties case by preventing defense counsel from arguing the defense of mistake of age and willfulness to the jury. Mistake of age was not a valid defense to taking indecent liberties. Further, defendant's willfulness argument was premised on an incorrect view of the law.

Appeal by defendant from judgments entered 15 April 2009 by Judge Lindsay R. Davis in Forsyth County Superior Court. Heard in the Court of Appeals 11 January 2010.

*Attorney General Roy Cooper, by Assistant Attorney General Kathleen N. Bolton, for the State.*

*Mark Montgomery for defendant-appellant.*

HUNTER, Robert C., Judge.

Defendant Yasmin Pecolia Breathette appeals her convictions for taking indecent liberties with a minor. Defendant argues on appeal that the trial court erred by not giving the jury her requested instruction that mistake of age is a valid defense to the offense of indecent liberties. We conclude that mistake of age is not a defense applicable

to the charge, and, therefore, the trial court properly refused to instruct the jury on the defense. Consequently, we find no error.

Facts

The State presented evidence at trial tending to establish the following facts: B.W. ("Beth") was born in March 1995 and lived in Taylors, South Carolina with her mother.[1] When Beth was 13 years old she met defendant, who was 19 at the time, on the social networking website MySpace and the two began messaging. Beth's MySpace page indicated that she was 99 years old because she did not "want people to know [her] real age." When defendant asked how old Beth was, Beth told her that she was 17. The two discussed "chilling" together at defendant's apartment, exchanged cell phone numbers, and began texting and calling each other on a daily basis. Defendant, whose MySpace page indicated that she was a lesbian, asked Beth whether she was a lesbian, and Beth told her that she was gay. When texting or talking, they would sometimes discuss "sexual stuff." Sometimes Beth would initiate the sexual conversations and sometimes it was defendant.

Defendant and Beth decided that they wanted to meet in person, so defendant drove from her apartment in Winston-Salem, North Carolina on 4 June 2008, picked up Beth at a designated spot, and drove back to Winston-Salem for the weekend. When defendant and Beth got back to defendant's apartment, they watched TV together and "[t]ongue kiss[ed]."

The next day, 5 June 2008, defendant took Beth over to her friend Francesca's house, where they stayed most of the day. While watching TV, defendant and Beth "made out" on the couch and kissed. Later that night, defendant and Beth went back to defendant's apartment, where they ordered pizza and watched TV and movies. Defendant and Beth later got into defendant's bed, where Beth gave defendant a "hickey" on her neck. Defendant kissed Beth's breast, digitally penetrated her vagina, and performed oral sex on her. After about 10 minutes, they went to sleep.

Defendant and Beth got into an argument on Friday, 6 June 2008, because Beth was "acting childish" and "getting on [defendant's] nerves." Although defendant told Beth that she could not spend the night at defendant's apartment, Beth ultimately spent the night there.

---

1. The pseudonym "Beth" is used throughout the opinion to protect the minor's privacy and for ease of reading.

Defendant left for work on Saturday morning before Beth woke up and Beth texted and called defendant several times during the day, asking for a ride home. Defendant did not want to drive Beth home and the two fought over the phone while defendant was at work. When defendant's supervisor overheard her yelling loudly on the phone at work, she was fired from her job. Defendant came home, yelling at Beth that she made her lose her job. Defendant collected Beth's things, threw them out into the front yard, and locked her out of the apartment. Beth contacted Amanda, one of defendant's friends that she had met during the weekend, and Amanda let Beth spend Saturday night at her house.

The next day, 8 June 2008, Amanda dropped Beth off at Francesca's house, where Beth told Francesca's mother about her fight with defendant and that they had done "sexual stuff." Francesca's mother called the police, who came to get Beth. While there, the police interviewed Beth and she told them that she was 17. Officers took Beth to the police station, where she told them that nothing had happened. Beth's mother arrived in Winston-Salem that evening and drove her home.

Officer J.A. Sheets interviewed defendant on 9 June 2008, at her apartment. Defendant told him that she met Beth on MySpace and that they had met in person because they were interested in dating each other. Defendant also told Officer Sheets that Beth's MySpace page had been changed to indicate that she was 18, although it had originally indicated that she was 21. Defendant told Officer Sheets that they had "fingered" each other, but that only she had performed oral sex. Defendant later texted Beth, asking her why she did not tell defendant her "real age." When Beth responded that she did not know why, defendant texted back that "[Beth] was wrong."

Defendant was charged with two counts of taking indecent liberties with a minor and one count each of first degree kidnapping, first degree sexual offense, and attempted second degree sexual offense. Defendant pled not guilty and a jury trial was conducted 13-15 April 2009. At the close of the State's evidence, defendant moved to dismiss all five charges. The trial court dismissed the charges of kidnapping, first degree sexual offense, and attempted second degree sexual offense, but denied the motion as to the two counts of taking indecent liberties. Defendant then testified that she first came into contact with Beth through MySpace in May 2008. Defendant also found Beth on "downylink.com," a "straight, gay, lesbian, and bisexual Website

for people over the age of eighteen." Defendant explained that when she saw Beth on downylink.com, she believed that Beth was over 18 because the website requires all users to verify that they are 18 years old or over. The jury convicted defendant of both charges and the trial court sentenced defendant to two consecutive presumptive-range sentences of 14 to 17 months imprisonment, but suspended the second sentence and imposed 36 months of supervised probation. Defendant timely appealed to this Court.

## I. Jury Instructions

### A. *Mistake of Age Defense*

[1] In a written request, defendant asked the trial court to instruct the jury that

> [i]f you do find that the defendant was both acting under a belief that the alleged victim was older than 15 years old and that such belief was reasonable, albeit mistaken, then it would be your duty to render a verdict of not guilty to the charges of taking indecent liberties with a child as the defendant lacked the requisite guilty mind to formulate the specific intent to commit the crime.

Defendant argues that the trial court committed reversible error by not instructing the jury that mistake of age is a defense to the charge of taking indecent liberties with a minor.

If a request is made for an instruction that is a correct statement of the law and is supported by the evidence, the trial court must give the instruction, at least in substance. *State v. Harvell*, 334 N.C. 356, 364, 432 S.E.2d 125, 129 (1993). Failure to instruct on a substantive or material feature of the evidence and the applicable law generally results in reversible error. *State v. Ward*, 300 N.C. 150, 155, 266 S.E.2d 581, 585 (1980). Any defense raised by the evidence is deemed a substantial feature of the case and requires an instruction. *State v. Smarr*, 146 N.C. App. 44, 54, 551 S.E.2d 881, 888 (2001), *disc. review denied*, 355 N.C. 291, 561 S.E.2d 500 (2002).

The State argues that the trial court properly refused to instruct the jury on the mistake of age defense as the defense is inapplicable to the crime of taking indecent liberties with a minor. Relying on *Cinema I Video, Inc. v. Thornburg*, 83 N.C. App. 544, 351 S.E.2d 305 (1986), *aff'd*, 320 N.C. 485, 358 S.E.2d 383 (1987), the State maintains that this Court has "expressly recognized" that mis-

take of age is not a defense to indecent liberties.[2] In *Cinema I Video*, this Court stated:

> [M]istake of age is not a defense to prosecution for first degree rape, G.S. 14-27.2(a)(1), nor to first-degree sexual offense, G.S. 14-27(a)(1). Moreover, *mistake of age is not a defense to the offense of taking indecent liberties with a minor.* G.S. 14-202.1.

*Id.* at 569, 351 S.E.2d at 320 (internal citation omitted) (emphasis added). Defendant vigorously argues in her reply brief that *Cinema I Video's* language that mistake of age is not a valid defense to indecent liberties is *dicta* and thus we are not bound by *Cinema I Video*.

"Language in an opinion not necessary to the decision is *obiter dictum* and later decisions are not bound thereby." *Trustees of Rowan Tech. v. Hammond Assoc.*, 313 N.C. 230, 242, 328 S.E.2d 274, 281 (1985). As our Supreme Court has explained, " 'general expressions in every opinion are to be taken in connection with the case in which those expressions are used[;] [i]f they go beyond the case, they may be respected, but ought not to control the judgment in a subsequent suit where the very point is presented for decision.' " *State v. Jackson*, 353 N.C. 495, 500, 546 S.E.2d 570, 573 (2001) (quoting *Moose v. Board of Comm'rs of Alexander County*, 172 N.C. 419, 433, 90 S.E. 441, 448-49 (1916)).

In setting out the language at issue here, the Court in *Cinema I Video* was addressing whether two of North Carolina's child pornography statutes—N.C. Gen. Stat. § 14-190.16 (first degree sexual exploitation of a minor) and N.C. Gen. Stat. § 14-190.17 (second degree sexual exploitation of a minor)—violated the plaintiffs' First Amendment and Due Process rights. 83 N.C. App. at 568, 351 S.E.2d at 320. The indecent liberties statute, N.C. Gen. Stat. § 14-202.1 (2009), was not one of the criminal statutes being challenged by the plaintiffs in *Cinema I Video*. Thus, the language in *Cinema I Video* that "mistake of age is not a defense to the offense of taking indecent liberties with a minor" was not necessary to the Court's decision regarding constitutionality of the child pornography statutes. Consequently, we are not bound by *Cinema I Video* in deciding this case where the precise issue—the applicability of the defense—"is presented for decision."

---

2. In "affirm[ing]" this Court's decision, the Supreme Court did not address the issue of whether mistake of age is a defense to the offense of taking indecent liberties with a minor. *Cinema I Video*, 320 N.C. at 491, 358 S.E.2d at 385.

Defendant is correct that "[t]his is a case of first impression," as North Carolina's courts have not specifically addressed whether mistake of age is a recognized defense to a charge of taking indecent liberties with a minor. Generally, "[i]gnorance or mistake as to a matter of fact . . . is a defense if it negatives a mental state required to establish a material element of the crime . . . ." Wayne R. LeFave, *Substantive Criminal Law* § 5.6, at 394 (2d ed. 2003). In turn, "[w]hether a criminal intent is a necessary element of a statutory offense is a matter of construction to be determined from the language of the statute in view of its manifest purpose and design." *State v. Hales*, 256 N.C. 27, 30, 122 S.E.2d 768, 771 (1961).

N.C. Gen. Stat. § 14-202.1 defines the offense of taking indecent liberties with a minor:

A person is guilty of taking indecent liberties with children if, being 16 years of age or more and at least five years older than the child in question, he either:

(1) Willfully takes or attempts to take any immoral, improper, or indecent liberties with any child of either sex under the age of 16 years for the purpose of arousing or gratifying sexual desire; or

(2) Willfully commits or attempts to commit any lewd or lascivious act upon or with the body or any part or member of the body of any child of either sex under the age of 16 years.

N.C. Gen. Stat. § 14-202.1(a)(1)-(2). The statute is unambiguous as to the elements of the crime: the State must prove that (1) the defendant was at least 16; (2) the defendant was five years older than the complainant; (3) the defendant willfully took or attempted to take an indecent liberty with the complainant; (4) the complainant was under 16 at the time the alleged act or attempted act occurred; and (5) the defendant's conduct was for the purpose of arousing or gratifying sexual desire. *State v. Rhodes*, 321 N.C. 102, 104-05, 361 S.E.2d 578, 580 (1987).

Defendant argues that a defendant's knowledge of the complainant's age is an element of taking indecent liberties with a minor, making mistake of age a valid defense to the crime. The plain language of N.C. Gen. Stat. § 14-202.1, however, does not support defendant's contention. The statute only requires that the complainant be "under the age of 16 years" at the time of defendant's conduct con-

stituting the offense. N.C. Gen. Stat. § 14-202.1(a), (b). There is no explicit *mens rea* requirement in N.C. Gen. Stat. § 14-202.1 as to the complainant's age. *See State v. Watterson*, —— N.C. App. ——, ——, 679 S.E.2d 897, 900 (2009) ("[I]n effectuating legislative intent, it is the duty of the courts to give effect to the words actually used in a statute and not to delete words used or to insert words not used.").

"When conduct is made criminal because the victim is under a certain age, it is no defense that the defendant was ignorant of or mistaken as to the victim's age; and it matters not that the defendant's mistaken belief was reasonable." 1 Charles E. Torcia, *Wharton's Criminal Law* § 78, at 563-64 (15th ed. 1996); *accord* Rollin M. Perkins & Ronald N. Boyce, *Criminal Law* § 7, at 919 (3rd ed. 1982) (explaining that " '[c]rimes such as . . . carnal knowledge, seduction, and the like, where the offense depends upon the [victim]'s being below a designated age . . . do require a *mens rea*,' although a reasonable mistake of fact as to [the victim's] age is no defense" (quoting Francis B. Sayre, *Public Welfare Offenses*, 33 Colum. L. Rev. 55, 73-74 (1933))). *See also Morissette v. United States*, 342 U.S. 246, 251 n.8, 96 L. Ed. 288, 294 n.8 (1952) (noting "[e]xceptions [to *mens rea* requirement] . . . include sex offenses, such as rape, in which the victim's actual age was determinative despite defendant's reasonable belief that the girl had reached age of consent").

In *People v. Olsen*, 36 Cal. 3d 638, 685 P.2d 52, 205 Cal. Rptr. 492 (1984), the California Supreme Court confronted a virtually identical issue of legislative intent to the one presented in this case, holding that a good faith, reasonable mistake of age was not a defense to a charge of "willfully" committing "lewd or lascivious acts involving children." The California statute at issue in *Olsen*, similar to our indecent liberties statute, provides:

> Any person who *willfully* and lewdly commits any lewd or lascivious act . . . upon or with the body, or any part or member thereof, of a *child who is under the age of 14 years*, with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of that person or the child, is guilty of a felony . . . .

Cal. Penal Code § 288(a) (2009) (emphasis added). Recognizing the "exist[ence] [of] a strong public policy to protect children of tender years[,]" the *Olsen* Court concluded that a mistake of age defense was "untenable," 36 Cal. 3d at 645, 685 P.2d at 56, 205 Cal. Rptr. at 496, and that "one who commits lewd or lascivious acts with a child, even with

a good faith belief that the child is [over the designated age], does so at his or her peril[,]" *id.* at 649, 685 P.2d at 59, 205 Cal. Rptr. at 499. *See also Childers v. State,* 100 Nev. 280, 282-83, 680 P.2d 598, 599 (1984) (holding mistake of fact as to victim's age was not valid defense to statutory offense of "willful" child abuse); *United States v. Wilson,* 66 M.J. 39, 43 (C.A.A.F.) (noting that "[t]wenty-two states have no provision in their statutory framework for a mistake of fact defense when the sexual activity involves children: there is neither a mens rea with respect to age nor an explicit defense"), *cert. denied,* —— U.S. ——, 171 L. Ed. 2d 889 (2008).

This Court has similarly noted "the legislative policy, inherent in [N.C. Gen. Stat. § 14-202.1], to provide broad protection to children from the sexual conduct of older persons, especially adults." *State v. Hicks,* 79 N.C. App. 599, 603, 339 S.E.2d 806, 809 (1986). Our Supreme Court has also recognized "the great breadth of protection against sexual contact the statute seeks to afford children and the reasons for it":

> Undoubtedly [N.C. Gen. Stat. § 14-202.1's] breadth is in recognition of the significantly greater risk of psychological damage to an impressionable child from overt sexual acts. We also bear in mind the enhanced power and control that adults, even strangers, may exercise over children who are outside the protection of home or school.

*State v. Banks,* 322 N.C. 753, 766, 370 S.E.2d 398, 407 (1988) (citation and quotation marks omitted); *accord State v. Harward,* 264 N.C. 746, 749, 142 S.E.2d 691, 694 (1965) (observing that legislative purpose of § 14-202.1 was to "supplement [existing law] and to give even broader protection to children"). We conclude, therefore, that a defendant's mistake as to the complainant's age is not a valid defense to a charge of taking indecent liberties with a minor under N.C. Gen. Stat. § 14-202.1. As the defense is inapplicable, the trial court properly refused to give defendant's proffered instruction on the defense. *See also Darden v. State,* 798 So.2d 632, 634 (Miss. Ct. App. 2001) (holding trial court did not err in refusing to give mistake of age instruction to jury in sexual battery case because mistake of age defense is not valid defense to sex crimes designed to protect children).

### B. Meaning of "Willfully"

[2] Defendant also argues that the trial court erred by not giving the jury her requested instruction regarding the meaning of "willfully" in N.C. Gen. Stat. § 14-202.1(a). Basing her requested instruction on lan-

guage in the Supreme Court's decision in *State v. Stephenson*, 218 N.C. 258, 264, 10 S.E.2d 819, 823 (1940), defendant requested the trial court to instruct the jury that " 'willfully' means something more than an intention to commit the offense. It implies committing the offense purposely and designed in violation of law." The trial court declined to give defendant's proffered instruction, and, instead, instructed the jury that "[t]he term willfully means that the act is done purposely and without justification or excuse." The trial court's instruction on "willfulness" is taken from *State v. Maxwell*, 47 N.C. App. 658, 660, 267 S.E.2d 582, 584, *appeal dismissed and disc. review denied*, 301 N.C. 102, 273 S.E.2d 307 (1980), where this Court held that the term "willfully" in N.C. Gen. Stat. § 14-202.1 means "purposely and without justification or excuse."

Although the trial court is required to give a requested instruction if it is legally correct and supported by the evidence, *Harvell*, 334 N.C. at 364, 432 S.E.2d at 129, a defendant is not entitled to have the requested instruction given verbatim, so long as it is given in substance, *State v. Agnew*, 294 N.C. 382, 395, 241 S.E.2d 684, 692, *cert. denied*, 439 U.S. 830, 58 L. Ed. 2d 124 (1978). As this Court has observed: "Determining whether a requested instruction was given in substance is undeniably a very subjective undertaking. Our appellate courts have been loath to find reversible error based on failure to give a requested jury instruction when in the court's opinion the 'in substance' requirement has been fulfilled." *State v. Carson*, 80 N.C. App. 620, 625, 343 S.E.2d 275, 279 (1986).

Our Supreme Court recently defined the term "willfully" to mean " 'the wrongful doing of an act without justification or excuse, or the commission of an act purposely and deliberately in violation of law.' " *State v. Ramos*, 363 N.C. 352, 355, 678 S.E.2d 224, 226 (2009) (quoting *State v. Arnold*, 264 N.C. 348, 349, 141 S.E.2d 473, 474 (1965) (per curiam)). As the trial court's instruction in this case—explaining that "willful[ness]" denotes an act "done purposely and without justification or excuse"—largely mirrors the Supreme Court's definition in *Ramos*, we conclude that the trial court's instruction to the jury is a correct statement of the law and substantially similar to the one requested by defendant. The trial court, therefore, did not err in refusing to give the specific instruction requested by defendant.

## II. Arguments to Jury

[3] Based on her argument regarding her requested instruction on mistake of age, defendant argues that the trial court erred by pre-

venting defense counsel from arguing the defense to the jury. Under N.C. Gen. Stat. § 7A-97 (2009), "[c]ounsel is given wide latitude to argue the facts and all reasonable inferences which may be drawn therefrom, together with the relevant law, in presenting the case to the jury." *State v. Britt*, 291 N.C. 528, 537, 231 S.E.2d 644, 651 (1977). N.C. Gen. Stat. § 7A-97, however, "does not authorize counsel to argue law which is not applicable to the issues, for such arguments 'could only lead to confusion in the minds of the jury.' " *In re Farr's Will*, 277 N.C. 86, 93, 175 S.E.2d 578, 583 (1970) (quoting *State v. Crisp*, 244 N.C. 407, 412, 94 S.E.2d 402, 406 (1956)). "When the remarks of counsel are not warranted by either the evidence or the law, . . . it is the duty of the judge to interfere." *Id.*

As the trial court correctly concluded that a mistake of age defense is not a valid defense to taking indecent liberties with a minor, it did not err by preventing defense counsel from arguing the defense to the jury at defendant's trial. *See Crisp*, 244 N.C. at 412-13, 94 S.E.2d at 406 (holding that where "law of self-defense was irrelevant to the case, and had no application to the facts," trial court properly prevented trial counsel from arguing defense to jury).

Defendant similarly argues that the trial court should have allowed defense counsel to argue to the jury that in order for defendant to have acted "willfully," she must have been "aware that [Beth] was underage and engaged in sexual activity with her anyway." Defendant's contention regarding "willfulness" is simply a variant of her "mistake of age" argument. The trial court properly refused to allow defendant's "willfulness" argument as it is premised on an incorrect view of the law. Accordingly, we uphold defendant's convictions.

No Error.

Chief Judge MARTIN and Judge ERVIN concur.