STATE OF NORTH CAROLINA v. KENNY JERMAINE MARTIN, Defendant

No. COA12-553

(Filed 20 November 2012)

**Satellite-Based Monitoring—remainder of natural life—does not violate ex post facto clauses of constitution**

The trial court did not err by ordering defendant to enroll in satellite-based monitoring (SBM) for the remainder of his natural life. Subjecting defendants to the SBM program does not violate the *Ex Post Facto* Clauses of the state or federal constitution.

Appeal by defendant from order entered 19 January 2012 by Judge James M. Webb in Superior Court, Moore County. Heard in the Court of Appeals 24 October 2012.

*Attorney General Roy A. Cooper, III, by Assistant Attorney General Lisa Y. Harper, for the State.*

*Ryan McKaig, for defendant-appellant.*

STROUD, Judge.

On 19 January 2012, defendant was ordered to "enroll in satellite-based monitoring" ("SBM") for "the remainder of . . . [his] natural life[.]" Defendant appealed arguing solely that

[t]he trial court erred in determining that . . . [he] was required to submit to satellite-based monitoring where such monitoring would require him to waive his rights under the United States Constitution against unreasonable search and seizure or be subject to criminal prosecution for noncompliance, and where . . . [his] citizenship rights had been restored.

(original in all caps). Defendant contends that SBM

would require . . . [him] to allow DOC officials to make routine warrantless entries into his home, despite the fact that he has completed his sentence, is not on probation, and has had his

citizenship rights restored. As applied to . . . [him], North Carolina's satellite-based monitoring scheme would result in the permanent forfeiture of . . . [his] Fourth Amendment rights under the United States Constitution, or would place him in a position where he is forced to choose between forever waiving his Fourth Amendment rights or face criminal prosecution for failing to cooperation with the DOC.

"The standard of review is *de novo.*" *State v. Bare,* 197 N.C. App. 461, 464, 677 S.E.2d 518, 522 (2009) (stating that whether SBM violated a constitutional provision should be reviewed *de novo*), *disc. review denied,* 364 N.C. 436, 702 S.E.2d 492 (2010). Defendant concedes that in considering "the Fourth Amendment rights of those convicted felons subject to SBM" our Supreme Court has stated that

it is beyond dispute that convicted felons do not enjoy the same measure of constitutional protections, *including the expectation of privacy under the Fourth Amendment,* as do citizens who have not been convicted of a felony. Here felons convicted of multiple counts of indecent liberties with children are not visited by DCC personnel for random searches, but simply to ensure the SBM system is working properly.

*State v. Bowditch,* 364 N.C. 335, 349-50, 700 S.E.2d 1, 11 (2010) (emphasis added) (citations omitted).

Defendant contends that the quoted portion of *Bowditch* is "dictum" and "not applicable." We disagree. In *Bowditch,* the "[d]efendants dispute[d] their eligibility for SBM, arguing that their participation would violate guarantees against ex post facto laws contained in the federal and state constitutions." *Id.* at 336, 700 S.E.2d at 2. The defendants prevailed on their argument at the trial level; the State appealed, and defendants petitioned the Supreme Court "to address the significant constitutional question at issue." *Id.* at 337, 700 S.E.2d at 3. Our Supreme Court allowed defendants' petition. *Id.* The Court was thus required to consider whether SBM was sufficiently punitive that it would be a punishment or if it was instead a civil regulatory scheme. *Id.* at 341-42, 700 S.E.2d at 6. The Court determined that

[t]he SBM program at issue was enacted with the intent to create a civil, regulatory scheme to protect citizens of our state from the threat posed by the recidivist tendencies of convicted sex offenders. . . . [W]e conclude that neither the purpose nor effect of the SBM program negates the legislature's civil intent. Accordingly, subjecting defendants to the SBM program does

not violate the Ex Post Facto Clauses of the state or federal constitution.

*Id.* at 352, 700 S.E.2d at 13.

*Bowditch* considered the defendants' argument that SBM was punitive in effect, in part because SBM requires certain infringements upon the offender's privacy as required for DCC's maintenance of the SBM equipment, including visits to his home. *Id.* at 349-50, 700 S.E.2d at 11. Thus, our Supreme Court considered the fact that offenders subject to SBM are required to submit to visits by DCC personnel and determined that this type of visit is not a search prohibited by the Fourth Amendment, *id.*, exactly the opposite of what defendant herein claims. As the Fourth Amendment was one of the factors which the Supreme Court considered to support its conclusion of the punitive effect of SBM, *see id.*, this language would not be dicta. *See generally State v. Breathette*, 202 N.C. App. 697, 701, 690 S.E.2d 1, 4 ("Language in an opinion not necessary to the decision is *obiter dictum*[.]") (citation and quotation marks omitted), *disc. review denied*, 364 N.C. 242, 698 S.E.2d 656 (2010).

But even if we were to assume *arguendo* that the quoted language from *Bowditch* is dicta, we find the Supreme Court's reasoning in that case highly persuasive and would apply it here. *See Ellis-Walker Builders, Inc. v. Don Reynolds Properties, LLC*, 205 N.C. App. 306, 309, 695 S.E.2d 832, 835 (2010) (applying dicta as persuasive authority). Accordingly, we affirm the order of the trial court ordering defendant to enroll in SBM.

AFFIRMED.

Judges ELMORE and BEASLEY concur.