STATE OF NORTH CAROLINA
v.
JEFFREY BRIAN JONES

No. COA13-286

Filed 3 December 2013

1. **Notice—satellite-based monitoring—copy of notice not included**

   Defendant's argument in a satellite-based monitoring (SBM) case that he was not afforded sufficient notice with respect to the SBM proceedings was dismissed where defendant failed to include in the appellate record a copy of the written notice sent to him concerning the SBM hearing.

2. **Satellite-Based Monitoring—ex post fact laws—no violation**

   Defendant's argument that the retroactive application of satellite-based monitoring (SBM) in his case violated constitutional guarantees against ex post facto laws was rejected under *State v. Bowditch*, 364 N.C. 335.

**3. Satellite-Based Monitoring—unreasonable search and seizure—no violation**

Defendant's argument in a satellite-based monitoring (SBM) case that SBM violated his right to be free from unreasonable search and seizure under our federal and state constitutions was rejected under *State v. Martin,* 735 S.E.2d 238.

Appeal by Defendant from orders entered 12 December 2012 by Judge Marvin P. Pope, Jr., in Buncombe County Superior Court. Heard in the Court of Appeals 28 August 2013.

*Attorney General Roy Cooper, by Assistant Attorney General Scott B. Goodson, for the State.*

*Amanda S. Zimmer, for Defendant.*

DILLON, Judge.

Jeffrey Brian Jones (Defendant) appeals from orders requiring him to enroll in satellite based monitoring (SBM) for the remainder of his life. We affirm.

I. Factual & Procedural Background

On 5 August 2004, Defendant pled guilty to two counts of taking indecent liberties with a child and one count of failure to register as a sex offender.[1] Defendant served an active sentence for these offenses and was subsequently released from incarceration on 23 January 2009.

More than three years later, Defendant was notified that he was required to appear for an SBM hearing to determine whether he qualified for SBM monitoring.[2] The matter was heard in Buncombe County Superior Court on 12 December 2012, at which time defense counsel, citing a written motion to dismiss that she had filed six days prior to the hearing, moved to dismiss the proceeding, contending, *inter alia,* (1) that the SBM regulatory regime was enacted after Defendant had committed the offenses for which he was sentenced,[3] and, therefore,

---

1. We note that Defendant's middle name appears as "Bryan" rather than "Brian" on the plea transcript.

2. As discussed further *infra,* the record does not reveal precisely when Defendant was notified of the SBM hearing.

3. The provisions comprising North Carolina's SBM regime were enacted and became effective in 2006. *State v. Bare,* 197 N.C. App. 461, 463-64, 677 S.E.2d 518, 522 (2009) (citing N.C. Sess. Laws 2006–247, section 15(a)).

retroactive application of the SBM regime to Defendant would violate Defendant's right to be free from *ex post facto* laws; and (2) that, in light of the United States Supreme Court's recent decision in *United States v. Jones*, __ U.S. __, 132 S.Ct. 945 (2012), subjecting Defendant to SBM would violate Defendant's constitutional right to be free from unlawful search and seizure. After hearing arguments from both sides, the trial court denied Defendant's motion to dismiss. The Assistant District Attorney then produced an Administrative Office of the Courts (AOC) form and entered the following findings of fact on the court's behalf:

> 1. The defendant was convicted of a reportable conviction as defined by G.S. 14-208.6(4), but the sentencing court made no determination on whether the defendant should be required to enroll in [SBM] under Article 27A of Chapter 14 of the General Statutes.
>
> 2. The Department of Correction has made an initial determination that the offender falls into at least one of the categories requiring [SBM] under G.S. 14-208.40, and gave notice to the offender of the aplicable [sic] category(ies).
>
> 3. The District Attorney scheduled a hearing in the county named above, which is the county of the defendant's residence, the Department provided notice to the defendant as required by G.S. 14-208.40B, and the hearing was not held sooner than 15 days after the date the Department gave notice.
>
> 4. The defendant . . . falls into at least one of the categories requiring [SBM] monitoring under G.S. 14-208.40 in that . . . the defendant is a recidivist.

Relying on the foregoing findings, the trial court ordered that Defendant enroll in SBM for the remainder of his natural life. From these orders[4], Defendant appeals.

## II. Analysis

### A. Notice

**[1]** Defendant's first three arguments on appeal challenge the propriety of the notice he was afforded with respect to the SBM proceedings below. Specifically, Defendant contends (1) that the evidence of record

---

4. The court entered two identical orders, one for each of Defendant's indecent liberties convictions.

fails to support the trial court's finding that Defendant was afforded notice as required under N.C. Gen. Stat. § 14-208.40B; (2) that the State's failure to provide sufficient notice violated Defendant's right to procedural due process; and (3) that the insufficient notice deprived the trial court of its subject matter jurisdiction to conduct the SBM hearing. We find these arguments unpersuasive.

N.C. Gen. Stat. § 14-208.40B(a) (2011) provides that the Department of Correction (DOC) "shall make an initial determination on whether the offender falls into one of the categories described in G.S. 14-208.40(a)." *Id.* This provision further provides that once this determination has been made

> the district attorney, representing the Department, shall schedule a hearing in superior court for the county in which the offender resides. The Department shall notify the offender of the Department's determination and the date of the scheduled hearing by certified mail sent to the address provided by the offender pursuant to G.S. 14–208.7. The hearing shall be scheduled no sooner than 15 days from the date the notification is mailed.

*Id.* "Thus, the statute requires notice of two facts: (1) the hearing date and (2) the Department's determination with respect to N.C. Gen. Stat. § 14-208.40(a)." *State v. Stines*, 200 N.C. App. 193, 199, 683 S.E.2d 411, 415 (2009).

Here, Defendant concedes that he had some notice of his SBM hearing, a point that is obvious in light of his appearance at the 12 December 2012 hearing. We note that Defendant was represented by counsel at the SBM hearing and, further, that defense counsel filed a substantive motion to dismiss the SBM proceedings six days prior to the hearing. We also note that Defendant did not challenge the sufficiency of the State's notice at the SBM hearing, nor does he now contend that he was in any way prejudiced by the State's allegedly defective notice. Regardless, we find it dispositive that Defendant has failed to include in the appellate record a copy of the written notice sent to him concerning the SBM hearing. This Court's review of Defendant's arguments is limited to what appears in the record. *See* N.C. R. App. P. 9(a) (2013) (providing that "[i]n appeals from the trial division of the General Court of Justice, review is solely upon the record on appeal, the verbatim transcript of proceedings, if one is designated, and any other items filed pursuant to this Rule 9"). "It is well established in this jurisdiction that it is the duty of the appellant to see that the record on appeal is properly made up

and transmitted." *State v. Dellinger*, 308 N.C. 288, 294, 302 S.E.2d 194, 197 (1983) (citing *State v. Stubbs*, 265 N.C. 420, 144 S.E.2d 262 (1965)). Without reviewing the written notice sent to Defendant, we are unable to consider the merits of Defendant's arguments that he was afforded insufficient notice of the SBM hearing; that the evidence does not support the trial court's finding that notice was given; or that the notice failed to comport with due process. These arguments are dismissed.[5]

### B.  SBM as an Ex Post Facto Law

[2]  Defendant next contends that the retroactive application of SBM in his case would violate guarantees against ex post facto laws contained in both the federal and state constitutions. However, our Supreme Court has specifically held that "subjecting defendants to the SBM program does not violate constitutional prohibitions against ex post facto laws." *State v. Bowditch*, 364 N.C. 335, 336, 700 S.E.2d 1, 2 (2010). This argument is overruled.

### C.  SBM as an Unreasonable Search and Seizure

[3]  Defendant further contends that subjecting him to SBM violates his right to be free from unreasonable search and seizure under our federal and state constitutions. This Court recently addressed and rejected this precise argument in *State v. Martin*, __ N.C. App. __, 735 S.E.2d 238 (2012). Accordingly, this argument is overruled.

We note Defendant's reliance on the United States Supreme Court's decision in *Jones*, __ U.S. __, 132 S.Ct. 945, where the Court held "that the Government's installation of a GPS device on a target's vehicle, and its use of that device to monitor the vehicle's movements, constitutes a 'search' " within the meaning of the Fourth Amendment. *Id.* at __, 132 S.Ct. at 949 (footnote omitted). Defendant essentially argues that if affixing a GPS to an individual's vehicle constitutes a search of the individual, then the arguably more intrusive act of affixing an ankle bracelet to an individual must constitute a search of the individual as well. We disagree. The context presented in the instant case – which involves a civil SBM proceeding – is readily distinguishable from that presented in *Jones*, where the Court considered the propriety of a search in the context of a motion to suppress evidence. We conclude, therefore, that the specific holding in *Jones* does not control in the case *sub judice*.

---

5. We note that even if Defendant had included the SBM hearing notice in the record on appeal, his due process argument would still fail, as he did not raise this constitutional issue below. *State v. Lloyd*, 354 N.C. 76, 86-87, 552 S.E.2d 596, 607 (2001) ("Constitutional issues not raised and passed upon at trial will not be considered for the first time on appeal.").

Furthermore, we recognize that in *State v. Martin*, __ N.C. App. __, 735 S.E.2d 238 (2012), a case decided subsequent to *Jones*, this Court addressed and rejected the defendant's argument that SBM violated his Fourth Amendment rights. We held the following:

> *Bowditch* considered the defendants' argument that SBM was punitive in effect, in part because SBM requires certain infringements upon the offender's privacy as required for DCC's maintenance of the SBM equipment, including visits to his home. Thus, our Supreme Court considered the fact that offenders subject to SBM are required to submit to visits by DCC personnel and determined that this type of visit is not a search prohibited by the Fourth Amendment, exactly the opposite of what defendant herein claims. As the Fourth Amendment was one of the factors which the Supreme Court considered to support its conclusion of the punitive effect of SBM, this language would not be dicta.
>
> But even if we were to assume arguendo that the quoted language from *Bowditch* is dicta, we find the Supreme Court's reasoning in that case highly persuasive and would apply it here. Accordingly, we affirm the order of the trial court ordering defendant to enroll in SBM.

*Id.* at __, 735 S.E.2d at 239. Although it does not appear that the *Martin* court addressed *Jones* in reaching its holding, *supra*, we do not believe that *Jones* is controlling under the circumstances presented here. Accordingly, we are bound by our decision in *Martin*, *see In re Appeal from Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989), and Defendant's argument is overruled.

### III. Conclusion

In light of the foregoing, we affirm the trial court's 12 December 2012 orders.

AFFIRMED.

Judges BRYANT and STEPHENS concur.