An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of A p p e l l a t e    P r o c e d u r e .

NO. COA13-958
NORTH CAROLINA COURT OF APPEALS

Filed:  6 May 2014

STATE OF NORTH CAROLINA

    v.

TORREY GRADY,
    Defendant.

New Hanover County
No. 06 CRS 52283

Appeal by defendant from order entered 14 May 2013 by Judge Reuben F. Young in New Hanover County Superior Court.  Heard in the Court of Appeals 17 March 2014.

> *Roy Cooper, Attorney General, by Joseph Finarelli, Special Deputy Attorney General, for the State.*
>
> *Mark L. Hayes, for defendant-appellant.*

MARTIN, Chief Judge.

Defendant Torrey Grady appeals from the trial court's order requiring him to enroll in a satellite-based monitoring ("SBM") program for the duration of his natural life.  We affirm.

On 13 September 2006, defendant was convicted upon a guilty plea of taking indecent liberties with a child in violation of N.C.G.S. § 14-202.1.  On 15 March 2010, defendant acknowledged

receipt of a letter from the North Carolina Department of Correction notifying him to appear at an SBM determination hearing. The letter informed defendant that the Department made an initial determination that he met the criteria of a recidivist based on a prior 1997 conviction in New Hanover County of second-degree sexual offense, and notified him to appear at the SBM determination hearing so that the trial court in his county of residence could make a determination as to whether defendant "shall be required to enroll in [SBM]."

The trial court conducted defendant's SBM determination hearing on 14 May 2013 in accordance with N.C.G.S. § 14-208.40B, during which it also considered defendant's "Motion to Deny [SBM] Application and Dismiss Proceeding," filed almost one week earlier. In the motion and at the hearing, defendant's counsel argued that SBM violated defendant's constitutional right to be free from unreasonable searches and seizures. The trial court denied defendant's motion to dismiss the SBM determination proceeding, determined that defendant qualified as a recidivist, and ordered defendant to enroll in SBM for the remainder of his natural life. Defendant filed timely written notice of appeal.

_____

Defendant contends the trial court erred by denying his motion to dismiss the SBM determination proceeding. Defendant

argues that "the constant GPS monitoring (and the imposition of the GPS equipment for that purpose)" used in SBM violates his constitutional protections against unreasonable searches and seizures. We must disagree.

In support of his argument, defendant relies on the United States Supreme Court's decision in *United States v. Jones*, 565 U.S. __, 181 L. Ed. 2d 911 (2012), which held that "the Government's [warrantless] installation of a GPS device on a target's vehicle, and its use of that device to monitor the vehicle's movements, constitutes a 'search.'" *Id.* at __, 181 L. Ed. 2d at 918 (footnote omitted). Defendant draws our attention to the Court's application of the plain text of the Fourth Amendment of the U.S. Constitution, which expressly "provides in relevant part that [t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated," *id.* at __, 181 L. Ed. 2d at 917 (alteration in original) (internal quotation marks omitted), and emphasizes the Court's rejection of the applicability of the reasonable-expectation-of-privacy test articulated in *Katz v. United States*, 389 U.S. 347, 19 L. Ed. 2d 576 (1967), to the issue before it. *United States v. Jones*, 565 U.S. at __, 181 L. Ed. 2d at 918–23.

However, in *State v. Jones*, __ N.C. App. __, 750 S.E.2d 883

(2013), this Court considered the precise issue on appeal presented by defendant in the present case. *See id.* at __, 750 S.E.2d at 885-86. The *State v. Jones* defendant argued, as this defendant argues now, that SBM required him to be "subject to an ongoing search of his person," that such a "physical intrusion onto a person's body [wa]s far more serious than the placement of a transmitter on a car"――as was the case in *United States v. Jones*――and that SBM caused the *State v. Jones* defendant to be "subject to random searches for his location at any time, without any particularized showing of why that search need[ed] to be conducted." He further argued, as this defendant argues now, that this Court should rely on the same analysis as that articulated in *United States v. Jones*, one "[c]onsistent with th[e] understanding" that "[t]he text of the Fourth Amendment reflects its close connection to property" and recognizes that "Fourth Amendment jurisprudence was tied to common-law trespass, at least until the latter half of the 20th century." *See United States v. Jones*, 565 U.S. at __, 181 L. Ed. 2d at 918. Nevertheless, in *State v. Jones*, this Court rejected defendant's argument and concluded that *United States v. Jones* did not control, and that our decision in *State v. Martin*, __ N.C. App. __, 735 S.E.2d 238 (2012),[1] required us

---

[1] In *Martin*, this Court rejected a defendant's challenge to SBM

to overrule the defendant's argument on appeal.  *See State v. Jones*, __ N.C. App. at __, 750 S.E.2d at 885–86.

Defendant argues that this Court erroneously relied on *Martin* in *State v. Jones* because *Martin* did not address the same violative intrusion challenged by the defendant in *State v. Jones*, and because *Martin* "only held that no Fourth Amendment violation had occurred as contemplated by the *Katz* test, while [this defendant] has contended in the case at bar that a violation has occurred pursuant to the trespassory test enunciated in [*United States*] *v. Jones*."  Despite defendant's protestations to the contrary, in *State v. Jones*, this Court considered and rejected the argument that "if affixing a GPS to an individual's vehicle constitutes a search of the individual, then the arguably more intrusive act of affixing an ankle bracelet to an individual must constitute a search of the individual as well."  *State v. Jones*, __ N.C. App. at __, 750 S.E.2d at 886.  This Court determined that *United States v. Jones* was "readily distinguishable" and "d[id] not control" in

as violative of his Fourth Amendment rights based on his assertion that SBM "would require . . . [him] to allow DOC officials to make routine warrantless entries into his home," *Martin*, __ N.C. App. at __, 735 S.E.2d at 238 (alteration and omission in original) (internal quotation marks omitted), and that SBM "place[d] him in a position where he [wa]s forced to choose between forever waiving his Fourth Amendment rights or face criminal prosecution for failing to cooperation [sic] with the DOC."  *Id.* at __, 735 S.E.2d at 238 (internal quotation marks omitted).

that case. *Id.* Thus, we must conclude that, in *State v. Jones*, this Court "decided the same issue" that defendant presents for review in the present appeal. *See In re Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989). We, as "a subsequent panel of the same court [are] bound by that precedent, unless it has been overturned by a higher court." *See id.* Because *State v. Jones* was filed after *United States v. Jones*, we continue to be bound by *State v. Jones*. *See State v. Jones*, 358 N.C. 473, 487, 598 S.E.2d 125, 134 (2004) ("While . . . a panel of the Court of Appeals may disagree with, or even find error in, an opinion by a prior panel and may duly note its disagreement or point out that error in its opinion, the panel is bound by that prior decision until it is overturned by a higher court."). Accordingly, we conclude that the trial court did not err when it denied defendant's motion to dismiss the SBM determination proceeding and we overrule this issue on appeal.

Our disposition on this issue renders it unnecessary to address defendant's additional arguments with respect to this issue on appeal and we decline to do so.

Affirmed.

Judges McGEE and CALABRIA concur.

Report per Rule 30(e).