DIETZ, Judge.
Defendant Marvin Miller appeals his conviction and sentence for first degree murder. This Court previously set aside Miller's conviction, holding that the State violated his Confrontation Clause rights at trial. The Supreme Court later reversed this Court's decision and remanded. We now address Miller's remaining arguments, which we find meritless.
Facts and Procedural History
On 1 September 2013, Defendant Marvin Miller entered the home of his estranged wife, Lakeshia Wells, and attacked Wells and her boyfriend with a knife, wounding the boyfriend and killing Wells.
A grand jury indicted Miller for first degree murder, attempted first degree murder, and burglary. Following a trial, the jury acquitted Miller on the burglary charge but convicted him of first degree murder and attempted first degree murder. The court arrested judgment on the attempted first degree murder conviction and sentenced Miller to life in prison without the possibility of parole on the first degree murder conviction. Miller timely appealed. This Court vacated the judgment on the ground that the State violated Miller's Confrontation Clause rights. State v. Miller , --- N.C. App. ----, 801 S.E.2d 696 (2017). The Supreme Court reversed this Court's decision and remanded for this Court to address Miller's remaining arguments on appeal. State v. Miller , --- N.C. ----, 814 S.E.2d 93 (2018).
Analysis
I. Jury Instructions on Voluntary Manslaughter
Miller first challenges the trial court's instructions concerning voluntary manslaughter. He argues that the trial court's instructions "improperly eliminated voluntary manslaughter from the jury's consideration" by requiring the jury to consider the more serious offenses first.
Miller's argument mischaracterizes the trial court's instruction. The challenged instruction did not "improperly eliminate voluntary manslaughter from the jury's consideration." The challenged instruction "simply direct[ed the] jury to consider the primary charge first before continuing onto the lesser included offense[s]. It d[id] not mandate that the jury unanimously find the defendant not guilty with respect to first degree murder before turning to second degree murder" and manslaughter. State v. Mays , 158 N.C. App. 563, 575, 582 S.E.2d 360, 368 (2003). Indeed, the challenged instruction was the same pattern jury instruction that we cited with approval in Mays , albeit slightly altered to address the particularities of the present case. See id. at 574-75, 582 S.E.2d at 367-68.
In any event, even if the trial court erred in this instruction, Miller has not shown that it rose to the level of plain error. Miller has not demonstrated that the alleged error had a probable impact on the jury's verdict or that this is the type of "exceptional case" where the error caused such a fundamental miscarriage of justice that it undermined the "fairness, integrity or public reputation" of the trial proceeding. State v. Odom , 307 N.C. 655, 660, 300 S.E.2d 375, 378 (1983). Accordingly, we find no error in the trial court's instructions and certainly no plain error.
II. Denial of Request for Special Instruction on Heat of Passion
Miller also argues that the trial court erred by denying his request for a special instruction on heat of passion. We reject this argument as well.
Miller requested the following instruction:
When one spouse kills the other in a heat of passion engendered by the discovery of the deceased and a paramour in the very act of intercourse, or under circumstances clearly indicating that the act had just been completed, or was severely proximate, and the killing follows immediately, it is manslaughter. However, a mere suspicion, belief, or knowledge of past adultery between the two will not change the character of the homicide from murder to manslaughter.
The trial court declined to use this precise language in its instructions and instead used the pattern jury instruction on heat of passion:
A killing is not committed with malice if the defendant acts in the heat of passion upon adequate provocation. The heat of passion does not mean mere anger. It means that at the time the defendant acted, the defendant's state of mind was so violent as to overcome the defendant's reason, so much so that the defendant could not think to the extent necessary to form a deliberate purpose and control the defendant's actions.
Adequate provocation may consist of anything which has a natural tendency to produce such passion in a person of average mind and disposition, and the defendant's act took place so soon after the provocation that the passion of a person of average mind and disposition would not have been cooled.
"Although the trial court is required to give a requested instruction if it is legally correct and supported by the evidence, a defendant is not entitled to have the requested instruction given verbatim, so long as it is given in substance." State v. Breathette , 202 N.C. App. 697, 705, 690 S.E.2d 1, 6 (2010) (citations omitted). Here, the pattern jury instruction contains the substance of the legal instruction requested by Miller. Thus, the trial court acted well within its broad discretion by using the pattern jury instruction instead of the instruction that Miller proposed.
Conclusion
For the reasons discussed above, we find no error in the trial court's judgment.
NO ERROR.
Report per Rule 30(e).
Judges DILLON and TYSON concur.